UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK

---

DENIS ROY GONSALVES, on behalf of
himself and all others similarly situated,

                Plaintiffs,

v.

GARRETT THORNBURG, LARRY A.
GOLDSTONE, CLARENCE G. SIMMONS,
ANN-DRUE M. ANDERSON, DAVID A
ATER, JOSEPH H. BADAL, ELIOT R.
CUTLER, MICHAEL B. JEFFERS, IKE
KALANGIS, OWEN M. LOPEZ, FRANCIS I.
MULLIN, III, STUART C. SHERMAN and
THORNBURG MORTGAGE, INC.,

                Defendants.

---

DAVID SEDLMYER, on behalf of
himself and all others similarly situated,

                Plaintiff,

v.

THORNBURG MORTGAGE, INC.,
GARRETT THORNBURG, LARRY A.
GOLDSTONE, CLARENCE G. SIMMONS,
III, ANN-DRUE M. ANDERSON, DAVID A
ATER, JOSEPH H. BADAL, ELIOT R.
CUTLER, MICHAEL B. JEFFERS, IKE
KALANGIS, OWEN M. LOPEZ, FRANCIS I.
MULLIN, III, and STUART C. SHERMAN,

                Defendants.

---

Civil Action No.: 07 CIV 7897
Civil Action No.: 07 CIV 8315

**JOINT MOTION TO TRANSFER
VENUE TO THE DISTRICT OF
NEW MEXICO PURSUANT TO 28
U.S.C. § 1404(a)**

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 10-12-07

I. Introduction

This Court may transfer this action to any other district where it might have been brought "for the convenience of the parties and witnesses, in the interests of justice." 28 U.S.C. § 1404(a). Ultimately, "motions to transfer lie within the broad discretion of the district court and are determined upon notions of convenience and fairness on a case-by-case basis." In re AtheroGenics Sec. Litig., No. 05 Civ. 0061, 2006 U.S. Dist. LEXIS 15786 at *7 (S.D.N.Y. Mar. 31, 2006).

Because the interests of the parties and witnesses and the interests of justice favor transfer to New Mexico, and because these actions could have been brought in New Mexico, the Parties request that this Court enter an order transferring these cases to the District of New Mexico pursuant to 28 U.S.C. Section 1404(a).

II. BACKGROUND

On August 21, 2007, Plaintiff Kenneth Z. Slater sued Thornburg and twelve of its directors and officers in the District of New Mexico that alleges violations of Sections 10(b) and 20(a) of the Exchange Act, claiming to represent all persons (other than Defendants) who purchased Thornburg's common stock between October 6, 2005 and August 17, 2007 (the "Slater Action"). This action has been assigned to the Honorable James O. Browning in the District of New Mexico.

On September 7, 2007, Plaintiff Denis Roy Gonsalves filed a purported class action in this Court (the "Gonsalves Action") that alleges violations of Sections 10(b) and 20(a) of the Exchange Act by the same 13 defendants named in the Slater Action, but alleges a different class period from the Slater Action.

On September 24, 2007, Plaintiff David Sedlmyer filed a purported class action in this Court that alleges violations of Sections 10(b) and 20(a) of the Exchange Act by all 13

defendants named in the Slater and Gonsalves Actions, and purports to cover the same class period as alleged in the Slater Action.

### III. The Parties Agree Transfer Will Serve The Convenience Of The Parties And Witnesses And Is In The Interests Of Justice

Because Santa Fe, New Mexico is Thornburg's principal place of business, these actions could have been brought in the District of New Mexico. See 15 U.S.C. § 78aa (providing that an action under the Exchange Act may be brought "In the district where the defendant is found or is an inhabitant or transacts business").

Once it is established that an action could have been brought in the requested transferee district, courts in this district weigh the following factors in determining whether a transfer is appropriate: (1) the convenience of the witnesses, (2) the convenience of the parties, (3) the location of relevant documents and the relative ease of access to sources of proof, (4) the locus of operative facts, (5) the availability of process to compel the attendance of unwilling witnesses, (6) the relative means of the parties, (7) the forum's familiarity with governing law, (8) the weight accorded to plaintiff's choice of forum, and (9) trial efficiency and the interests of justice, based on the totality of the circumstances. Columbia Pictures Indus., Inc. v. Fung, 447 F. Supp. 2d 306, 309 (S.D.N.Y. 2006).

Here, nearly all of these factors weigh in favor of transfer. In fact, in Exchange Act class actions, such as these, the issuer's home district is nearly always the appropriate forum for the consolidated proceeding. See In re Hanger Orthopedic Group, Inc. Sec. Litig., 418 F. Supp. 2d 164, 168 (E.D.N.Y. 2006); Langley Partners, L.P. v. Tripath Tech, Inc., No. 05 Civ. 5255, 2005 U.S. Dist. LEXIS 23004 at *2 (S.D.N.Y. Oct. 6, 2005). Nearly all of the parties, witnesses, and sources of proof are in New Mexico, see Steinhardt Partners v. Smith Barney Upham & Co., Inc., 716 F. Supp. 93, 95 (S.D.N.Y. 1989); Dutchen v. Ecological Science Corp., 54 F.R.D. 493, 495 (S.D.N.Y. 1971), most non-party witnesses live in New Mexico and are subject to summons there, but not here, see Blass v. Capital Int'l Sec. Group, No. 99-CV-5738, 2001 U.S. Dist.

3

LEXIS 3504 at *17-18 (E.D.N.Y. 2001), and, because all of Thornburg's SEC filings and press communications originated from the company's headquarters in Santa Fe, New Mexico is also the "locus of operative facts" for these cases. See In re Nematron Corp. Sec. Litig., 30 F. Supp. 2d 397, 404 (S.D.N.Y. 1998).

Additionally, courts typically find that the interests of justice weigh in favor of transferring a case from a transferor court with a more congested docket to a transferee court with a less congested docket. See Hanger Orthopec'lc, 418 F. Supp. 2d at 171. According to the Administrative Office of the United States Courts, as of September 30, 2006, the Southern District of New York had 16,852 pending civil cases (383 per judge, including senior judges); the District of New Mexico had just 1,364 (136 per judge, including senior judges).

The Parties therefore respectfully request that this Court enter an order transferring these cases to the District of New Mexico, pursuant to 28 U.S.C. Section 1404(a).

Dated: October 12, 2007

Respectfully submitted,

HELLER EHRMAN LLP

By_____
Jeremy Kudon
Times Square Tower
7 Times Square
New York, New York 10036
Telephone: (212) 832-8300

*Attorneys for Defendants:*
*Thornburg Mortgage, Inc., Garrett Thornburg, Larry A. Goldstone, Clarence G. Simmons, Anne-Drue Anderson, David Ater, Joseph H. Badal, Elliot Cutler, Michael Jeffers, Ike Kalangis, Own Lopez, Francis Mullin, III, and Stuart Sherman*

4

Dated: October 12, 2007

ABBEY SPANIER RODD & ABRAMS, LLP

By /s/ Nancy Kaboolian

Nancy Kaboolian
212 East 39th Street
New York, New York 10016
Telephone: (212) 889-3700

*Attorneys for Plaintiff:*
*Dennis Roy Gonsalves*

Dated: October 12, 2007

BRODSKY & SMITH, LLC

By /s/ Evan Smith

Evan Smith, Esquire (ES3254)
240 Mineola Blvd.
Mineola, New York 11501
Telephone: (516) 741-4977

*Attorneys for Plaintiff:*
*David Sedlmyer*

> Request GRANTED. The Clerk of Court is directed to transfer these actions to the District of New Mexico pursuant to 28 U.S.C. §1404(a): 07 Civ. 7897 and 07 Civ. 8315.
>
> SO ORDERED:
> 10-12-07
> DATE    VICTOR MARRERO, U.S.D.J.

10/12/07 10:04 AM 0

5